```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
STEVEN CREA,                               :
                                           :
                    Petitioner,            :
                                           :    26 CV. _____
          - against -                      :    (17 CR 89 (CS))
                                           :
UNITED STATES OF AMERICA,                  :
                                           :
                    Defendants.            :
-------------------------------------------X
```

### MOTION TO VACATE SENTENCE BY PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

1. The judgments under attack was entered in the United States District Court for the Southern District of New York, Hon. Cathy Seibel, U.S.D.J.

2. The judgment was entered on September 1, 2020.

3. Petitioner was sentenced on August 1, 2020, to a term of life imprisonment. He is currently incarcerated at Butner FCI in North Carolina.

4. The nature of the offenses of conviction is as follows: Petitioner was convicted of one count each of racketeering conspiracy in violation of Title 18, United States Code, Section 1962(d); VICAR murder conspiracy in violation of Title 18, United States Code, Section 1959(a)(1); VICAR murder in violation of Title 18, United States Code, Section 1959(a)(5); and use of a firearm resulting in death in violation of Title 18, United States Code, Section 924(j)(1).

5. Petitioner proceeded to a jury trial in 2019 with co-defendants Matthew Madonna, Christopher Londonio, and Terrence Caldwell, and was found guilty of all counts except that he was acquitted of one count of

1

attempted murder and use of a firearm in connection with the alleged attempted murder.  Co-defendants Madonna, Londonio, and Caldwell were also convicted of numerous counts and sentenced to life imprisonment.

6. Petitioner and co-defendants/co-appellants filed direct appeals with respect to their judgments of conviction, which were consolidated in the United States Court of Appeals for the Second Circuit, under the lead Docket No. 20-2479 (20-2890 (con)). By summary order of August 13, 2024, the Court of Appeals affirmed the judgment. United States v. Londonio, 2024 WL 3770712. (2d Cir. 2024)). Petitioner raised the following substantive issues on appeal:

a)    Whether the district court committed reversible error in failing to inspect and dismiss the indictment after it was shown that numerous false and misleading statements had been made to the grand jury, and whether the court erred in allowing the prosecution to use the grand to prepare for trial?

b)    Whether the district court committed reversible error in allowing the prosecution to present inadmissible hearsay—a purported jailhouse confession by co-defendant Londonio—after having initially precluded it, and then compounded that error by refusing to allow Crea to call Londonio as a witness to rebut that claimed jailhouse confession?

c)    Whether the district court committed reversible error in allowing the Government to introduce irrelevant and prejudicial FRE 404(b) evidence?

d)    Whether the VICAR murder convictions must be vacated because they were premised on an improper Pinkerton instruction?

e)    Whether the life sentence for RICO conspiracy was unlawful?

The Court of Appeals addressed and rejected each of these issues and affirmed the judgment in its entirety.

2

7. Petitioner timely filed a Petition for Panel Rehearing and Rehearing en banc in the Court of Appeals, which was denied by Order dated December 11, 2024. Petitioner did not seek a Writ of Certiorari from the Supreme Court of the United States.

8. This Court has previously denied Petitioner's motion, filed jointly with his co-defendants, pursuant to Federal Rule of Criminal Procedure 33, by Order dated June 13, 2022. Aside from that motion, there are no other pending motions in this Court or any other court.

9. Petitioner asserts that he is in custody in violation of the Constitution and laws of the United States on the following grounds:

POINT I

THE GOVERNMENT VIOLATED BRADY, GIGLIO, AND NAPUE BY FAILING TO DISCLOSE TO THE DEFENSE FAVORABLE, MATERIAL INFORMATION, SPECIFICALLY THE TRIAL PROSECUTOR'S NOTES OF A MID-TRIAL INTERVIEW WITH COOPERATING WITNESS ROBERT SPINELLI THAT UNDERMINED THE GOVERNMENT'S THEORY AND CONTRADICTED THE GOVERNMENT'S EXPERT WITNESS, THUS RESULTING IN PREJUDICE TO MR. CREA.

POINT II

THE GOVERNMENT VIOLATED BRADY AND GIGLIO BY FAILING TO DISCLOSE TO THE DEFENSE BENEFITS THAT HAD BEEN PROMISED TO COOPERATING WITNESS SEAN RICHARD IN EXCHANGE FOR HIS TESTIMONY.

POINT III

GIVEN THAT BRADY REQUIRES A CUMULATIVE ANALYSIS, THE COURT MUST RECONSIDER INSTANCES OF PREVIOUSLY SUPPRESSED EVIDENCE IN CONNECTION WITH THE BRADY EVIDENCE AT ISSUE IN THIS 2255 PROCEEDING.

3

POINT IV

AN EVIDENTIARY HEARING IS FURTHER WARRANTED TO DETERMINE THE SCOPE OF THE BRADY/GIGLIO VIOLATION AND TO ENGAGE IN ADDITIONAL FACTFINDING WITH RESPECT TO THE CIRCUMSTANCES UNDER WHICH THEY WERE MADE AND ULTIMATELY DISCLOSED TO THE DEFENSE.

The above issues were not raised on direct appeal.

10. The facts and arguments supporting the above claims are discussed in greater detail in the accompanying Affirmation of Brendan White, the exhibits thereto, and the accompanying Memorandum of Law, all of which are incorporated herein by reference.

11. No petition or appeal as to the judgment under attack is currently pending in any court.

12. Petitioner was represented at trial and sentencing by Anthony DiPietro, 15 Chester Avenue, White Plains, NY  10601; and Robert Franklin, 2465 Mercer Ave. (Suite 301), West Palm Beach, FL 33401. Petitioner was represented on appeal by Brendan White, 524 East 20th Street, # 6D, New York, NY  10009; and Anthony DiPietro.

13. Petitioner has no additional sentences to serve after he finishes serving his instant sentence.

14. Petitioner has advised counsel that he authorizes counsel to file this motion to vacate on his behalf.

WHEREFORE, Petitioners respectfully pray that the Court grant the relief to which they may be entitled in this proceeding5

DATED:    New York, New York

4

March 9, 2026

WHITE & WHITE

By:    /s/ Brendan White
       Brendan White
       524 East 20th Street, #6D
       New York, NY 10075
       (646) 303-0267
       brendan@whiwhi.com

       Attorney for Petitioner
       Steven Crea